Filed 12/7/15  P. v. Moran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES GLEN MORAN,<br><br>    Defendant and Appellant. | H041942<br>(Santa Clara County<br>Super. Ct. Nos. C1348747 &<br>C1358576) |

Appellant James Glen Moran appeals from an order denying his petitions for Proposition 47 resentencing.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for resentencing.

### BACKGROUND

In superior court case number C1348747, appellant pleaded no contest to vehicle theft with a prior conviction.  (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5.)  In superior court case number C1358576, appellant pleaded no contest to vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5).  On December 18, 2013, the trial court sentenced appellant on both cases.  The trial court sentenced appellant to a three-year term of imprisonment for the vehicle theft in case number C1348747 and a concurrent three-year term of imprisonment for the vehicle theft in case number C1358576.

On December 11, 2014, appellant filed a petition for Proposition 47 resentencing (Pen. Code, § 1170.18, subd. (b)) in case number C1348747.  That same day, appellant filed a petition for Proposition 47 resentencing (Pen. Code, § 1170.18, subd. (b)) in case number C1358576.  The petitions requested recall of the felony sentences for the vehicle thefts and misdemeanor resentencing.

The trial court denied both of the resentencing petitions on January 12, 2015.  In denying the petitions, the trial court explained that appellant was "not eligible" for Proposition 47 resentencing "by virtue of being convicted under Vehicle Code section 10851, a section not covered or contemplated by Proposition 47."

## DISCUSSION

Appellant contends that the trial court erred in finding him ineligible for Proposition 47 resentencing.  His argument is twofold.  He first asserts that Proposition 47 "is properly construed as providing for a misdemeanor sentence on a violation of Vehicle Code section 10851 where the value of the vehicle does not exceed $950."  He next asserts that it violates equal protection principles to deny misdemeanor sentencing to a Vehicle Code section 10851 conviction involving "a vehicle costing less than $950."  As explained below, appellant has failed to show error.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 "reduced the penalties for a number of offenses."  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).)  Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47.  Penal Code section 490.2 provides, in pertinent part:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be

2

considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18 specifies that a person may petition for resentencing in accordance with Penal Code section 490.2. (Pen. Code, § 1170.18, subd. (a).)

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Here, appellant's entire argument is premised on the assumption that the vehicles he stole were each valued at $950 or less. He presented no facts or evidence in his

resentencing petitions, however, to show that the vehicles were worth $950 or less. Nor do the records of appellant's convictions contain any evidence showing that the vehicles were valued at $950 or less. Indeed, appellant's appellate briefs do not even attempt to identify any evidence showing that the vehicles were worth $950 or less. Given the absence of any facts or evidence showing that the vehicles were valued at $950 or less, appellant has failed to demonstrate error, and we must affirm.

We will affirm without prejudice. We note that a petition containing a declaration regarding the value of the stolen vehicles could be sufficient to set the resentencing matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

## DISPOSITION

The order denying resentencing is affirmed without prejudice to subsequent consideration of a resentencing petition that demonstrates stolen vehicles valued at $950 or less.

4

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
MÁRQUEZ, J.

5